IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Dorothy FLOWERS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 980345)

Terrance McCauley, Estacada, argued the cause for Plaintiff.

Douglas M. Adair and Joseph Dunne, Assistant Attorneys General, Department of Justice, Salem, argued the cause for Defendant Department of Revenue (DOR).

Decision for Defendant rendered May 28, 1999.

Decision on *de novo* review at OTC-RD No. 4411 (Jul 25, 2000).

**JEFF MATTSON, Magistrate.**

Dorothy Flowers (Plaintiff) filed an appeal seeking to cancel the Defendant's deficiency assessment for the 1993 tax year. The initial assessment was $8,471 in tax, plus penalties and interest. By way of its Amended Answer, Defendant seeks an increase in the 1993 assessment to $202,608, plus statutory penalties and interest.

A trial was held April 13, 1999, in Salem, Oregon. Written arguments were solicited; the record closed May 1, 1999.

Plaintiff was represented by Terrance McCauley, Attorney at Law. Defendant Department of Revenue (DOR) was represented by Doug Adair and Joseph Dunne from the Department of Justice. Four witnesses testified; they were: Richard George Flowers (Plaintiff's spouse), Jeffery Allen Weakley ("CPA" board member), Dorothy Flowers (Plaintiff), and Bruce X (DOR Auditor).

After reviewing the evidence, this court finds for Defendant Department of Revenue.

## STATEMENT OF FACTS

Plaintiff is the treasurer and secretary for the Christian Patriot Association (CPA). CPA is an organization that provides various services for its members. Those services primarily involve check cashing and bill paying. Some members do not wish to maintain individual bank accounts, or are unable to open an account because they do not meet the proper requirements.

By using CPA, the members may have their checks cashed, and have any bills paid that require payment by check. Any sum remaining may be sent back to the individual member in cash. That arrangement allows CPA members to avoid having conventional bank accounts, and allegedly, helps alleviate their fears about government intrusion into their personal lives.

When Plaintiff filed her Oregon personal income tax return for 1993, she reported zero income. DOR disagreed with that position because various documents, including "Cash Transaction Reports" from CPA's bank, indicated that

Plaintiff had personally withdrawn large sums of money from CPA's account. Based on those and other records received from the IRS, DOR concluded that Plaintiff had received substantial income in 1993, and now seeks to assess Plaintiff $202,608 in additional taxes, plus certain other sums for penalties and interest.

## ANALYSIS

The key issue in this case is whether the substantial cash Plaintiff withdrew from CPA's bank account is properly allocated as her personal gross income.

■ Internal Revenue Code section 61 defines "gross income" as income from whatever source derived. Oregon has adopted that same definition in ORS 316.048.[1]

■ The existence of unreported income may be proved by any practical method available in the circumstances of the particular situation. *U.S. v. Doyle*, 234 F2d 788, 793 (7th Cir 1956). A bank deposits reconstruction of income is an acceptable method to determine income. *DiLeo v. C.I.R.*, 96 TC 858, 867 (1991), *aff'd*, 959 F2d 16 (2d Cir 1992).

■ If a taxpayer cannot account for the disposition of funds received, they must be considered income to her. *Lawrence v. Commissioner*, 52 TCM (CCH) 870 (1986). If the court finds a taxpayer's testimony lacks credibility, that testimony alone may not be sufficient to meet the burden of proof. *Liddy v. C.I.R.*, 808 F2d 312 (4th Cir 1986). Plaintiff's testimony was not credible.

■ Plaintiff contends that she withdrew the money while acting as an **agent** for CPA and its members, and so the money was "never really mine." Clearly, the burden of establishing an agency relationship rests with the one bringing the appeal. Only if a taxpayer can show a requirement to make prompt repayments or that a taxpayer is acting as a mere agent or conduit is the money not deemed gross income. *Lashells' Estate v. C.I.R.*, 208 F2d 430 (6th Cir 1953); *Diamond v. C.I.R.*, 56 TC 530, 541 (1971), *aff'd*, 492 F2d 286 (7th Cir 1974).

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1993.

The root difficulty in weighing the arguments is that Plaintiff did not produce any significant evidence at trial to prove an agency relationship existed. She did offer the testimony of two witnesses who opined that the money belonged to others. However, their revelations and pronouncements did not indicate who the money belonged to, when was it returned to the legal owner, how long Plaintiff kept the money, and other critical details.

No records were offered to substantiate Plaintiff's testimony. Plaintiff claims she could not produce the substantiating documents because all of CPA's records had been seized by the IRS. However, that claim is somewhat dubious because both Plaintiff and her husband testified that the IRS was willing to give them any records they requested. Apparently, Plaintiff did not consider them of sufficient importance at this trial to request the records that would support her claim for relief. Where the taxpayer has failed to keep or produce records from which correct income can be ascertained, the agency has the right to look elsewhere for evidence. *Brenner v. Dept. of Rev.*, 9 OTR 299, 306 (1983). Bank deposits are *prima facie* evidence of income where the taxpayer has failed to maintain adequate records. *Tokarski v. C.I.R.*, 87 TC 74, 77 (1986).

Plaintiff might have made more effort to obtain those seized records before claiming they were unavailable. Without those records, this court has no reason or basis to find that the withdrawals made by Plaintiff do not constitute income to her.

## CONCLUSION

Because Plaintiff did not produce any records to indicate that the money did not belong to her, this court finds that the withdrawals constitute gross income under IRC section 61.

Moreover, this court finds no reason to disagree with DOR's computation of $202,608 in tax, and the method it used in determining that potential, revised assessment.

Therefore, pursuant to ORS 305.575, the proper assessment against Plaintiff for the 1993 tax year is $202,608 in tax, before the addition of statutory penalties and interest.

IT IS THE DECISION OF THE COURT that Plaintiff's tax liability for the 1993 tax year is $202,608. Penalties and interest to be adjusted accordingly.